

ENTERED
01/24/2013

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
|  | ) |
| RAMONA C. TREJOS, | ) CASE NO. 12-37882-H3-13 |
|  | ) |
| Debtor, | ) |
|  | ) |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion of America's Servicing Company as Servicing Agent for Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-HE3 its Assigns and/or Successors In Interest to Terminate the Automatic Stay of 11 U.S.C. § 362(a) to Proceed With Eviction and Request for Variance" (Docket No. 18).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered granting the motion.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Ramona C. Trejos ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on October 25, 2012. William E. Heitkamp is the Chapter 13 Trustee.

On December 30, 2005, Debtor executed a note, in the original principal amount of $114,792.00, payable to WMC Mortgage Corp., and a deed of trust, covering property located at 850 Richview Dr., Houston, Texas, to secure payment of the note.  WMC Mortgage assigned the note to Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-HE3 ("Movant") on February 23, 2012.  (Movant's Exhibit A).

On July 11, 2012, Movant gave notice of acceleration of the note, and notice of the foreclosure sale to take place on August 7, 2012.  (Movant's Exhibits B, C).

On August 7, 2012, Movant conducted a foreclosure sale.  The property was sold to Movant.  Eric McAnelly, an attorney who represents Movant, testified that Movant purchased the property at the foreclosure sale for a credit bid of $81,600.

The substitute trustee who conducted the sale executed a deed, conveying the property to Movant.  The deed was recorded in the real property records of Harris County, Texas on August 21, 2012.  (Movant's Exhibit E).

Debtor testified that, in May, 2012, prior to either the notice of foreclosure sale or the completion of the sale, Debtor contacted Donald Ray Poston, Jr., and engaged him as her attorney.  She testified that Poston has continued to represent her, both before and after the petition date in the instant case.

McAnelly testified that Debtor contacted Movant's counsel on August 3, 2012, four days before the scheduled foreclosure sale, inquiring as to the date on which the sale was scheduled.  The records of Movant's counsel indicate that Debtor informed Movant's counsel that she had not retained counsel at the time she contacted Movant's counsel.  (Movant's Exhibit Q).

Also on August 3, 2012, four days before the scheduled foreclosure sale, Poston faxed a letter to Movant's counsel, demanding that foreclosure proceedings be ceased, citing RESPA, Texas Property Code Section 51.002, and the Fair Debt Collection Practices Act.  (Movant's Exhibit P).

McAnelly testified that Poston contacted Movant's counsel on August 6, 2012, the day before the scheduled foreclosure sale, and again on August 7, 2012, the day of the scheduled foreclosure sale, inquiring as to the date of the sale. He testified that Poston contacted Movant's counsel again on August 8, 2012, and was informed that the sale had taken place.

On August 28, 2012, Movant gave Debtor notice to vacate the property.  (Movant's Exhibit F).  On September 13, 2012, Movant filed a forcible entry and detainer suit in the Justice of the Peace Court, Precinct 4, Position 2.  (Movant's Exhibit G).

In the instant Chapter 13 case, Debtor's Schedule I indicates that she has monthly income of $2,305.20.  Debtor's Schedule J indicates that she has monthly expenses of $1,295.18,

not including any payment relating to the property.  (Docket No. 30).

Debtor has proposed a plan in the instant case.  The plan calls for Debtor to make payments of $1,000 per month for the first four months, followed by $1,010 per month for the next 56 months.  The plan purports to provide for distributions to Wells Fargo Home Mortgage in the amount of $6,272.75, alleged to be the arrearage due under the mortgage.  The plan also contains a provision calling for "Wells Fargo Home" to release its liens.

McAnelly testified that America's Servicing Company, the servicer of the loan for Movant prior to foreclosure, is an assumed name and a division of Wells Fargo Bank, N.A.

Debtor testified that, since the date of filing of the petition in the instant case, she has made one payment, in the amount of $1,000 toward her proposed plan.  She testified that her hours have been reduced at one of her two jobs.

## Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if–
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1), 362(d)(2).

Section 362(g) of the Bankruptcy Code provides:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
>
> > (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
> >
> > (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

Cause is not defined in the Code, and must be determined on a case by case basis based on an examination of the

5

totality of circumstances.  <u>In re Reitnauer</u>, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); <u>In re Mendoza</u>, 111 F.3d 1264 (5th Cir. 1997).

In the instant case, Debtor lacks any equity in the property due to the prepetition foreclosure of her ownership interest.[1]  Debtor has not met the burden of proof as to the issue of necessity for an effective reorganization.

Additionally, Debtor has not provided adequate protection of Movant's interest in the property.  Debtor continues to occupy the property, and has not made mortgage payments.  The record reflects no plan payments.  The court concludes that the stay should be lifted in the above captioned

---

[1] Debtor's counsel Poston was aware of the scheduled foreclosure, but unaccountably failed to file a bankruptcy case prior to the scheduled foreclosure.  The court additionally notes that Poston has had difficulty with nearly every phase of this case (including the electronic filing of documents that were incomplete, identifying documents to the court's electronic filing system as purporting to be documents other than what they in fact were, directing the one plan payment Debtor believes she made, to the wrong trustee, and failing to comply with the court's Local Rules, resulting in a failure to obtain a wage order for automatic deduction of Debtor's plan payments).  In addition, Mr. Poston appeared for the contested hearing on the instant matter, knowing that his client does not speak English, without a certified translator.  Instead, Poston provided a paralegal from his office, claiming to be fluent in both English and Spanish, who proceeded to offer editorial interpretation of both the questions he was translating for the witness and the witness' answers.  Additionally, the court notes that of the 28 bankruptcy cases filed in this district by Poston, fully half have been dismissed for failure of Poston to file a list of creditors with the petition, and another two have been dismissed prior to confirmation.  These failures of Debtor's counsel are of considerable concern to the court.

case, in order to permit Movant to exercise its rights under applicable law with respect to the property.[2]

Based on the foregoing, a separate Judgment will be entered granting the instant motion.

Signed at Houston, Texas on January 24, 2013.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[2] The court notes that Debtor and Debtor's counsel have made vague assertions that the foreclosure sale is avoidable. Neither Debtor nor Debtor's counsel has articulated any such ground, or filed suit on any such basis, whether in this court or elsewhere.